**1416-CV28068**

Electronically Filed - Jackson - Independence - December 04, 2014 - 10:05 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | |
|---|---|
| S███████ S███ <br> **By and Through her Next Friends** <br> **Becky Sartory and Mark Satory,** <br> **AND** <br> **BECKY SARTORY, Individually** <br> **MARK SARTORY, Individually** <br> **5620 Jaymar Circle** <br> **Louisburg, KS, 66053** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
|        **Plaintiff,** | ) <br> ) <br> ) |
| **v.** | ) <br> ) <br> ) |
| **SAM'S EAST, INC.** <br> **SERVE:  Registered Agent** <br> **CT Corporation System** <br> **120 South Central Avenue** <br> **Clayton, MO  63105** | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
|       **Defendant.** | ) |

### PETITION FOR DAMAGES

### COUNT I

COMES NOW Plaintiff, by and through her Next Friends and counsel of record and for her cause of action against Defendant states as follows:

1.    Plaintiff S███████ S████ is an individual residing at the address shown in the caption.  She is a minor and brings this cause of action by and through her parents who are acting as Next Friends.

2.    Plaintiffs Mark Sartory and Becky Sartory are individuals and residing at the address shown in the caption and bring their own claim arising out of the fact that they are the parents of S███████ S████ and therefore have their own independent claims.

Electronically Filed - Jackson - Independence - December 04, 2014 - 10:05 AM

3.      The Defendant is a corporation whose Missouri Registered Agent is shown in the caption.

3.      On or about 1999 the Defendant sold a go kart to a member of Plaintiffs' family. The Defendant placed the go kart into the stream of commerce.

4.      The go kart was sold and placed into the stream of commerce from the Sam's Club store in Grandview, Missouri.  Venue and jurisdiction are proper in Kansas City, Jackson County, Missouri.  The Defendant has done business in Jackson County, Missouri.  Defendant does business at different locations in Missouri.

5.      At the time that the go kart was placed into the stream of commerce, it was then in a defective condition, unreasonably dangerous when put to a reasonably anticipated use.

6.      The go kart was defective and unreasonably dangerous in that the drive chain on the back of the go kart was not properly and adequately guarded to prevent inadvertent entanglement of the operator's hair.

7.      On or about November 10, 2013 the Plaintiff was operating the go kart at her residence and Plaintiff's hair became entangled in the drive chain.  Plaintiff's hair was capable of getting into the drive chain because of the inadequacy of guarding and because of the defective and unreasonably dangerous condition of the product.

8.      As a direct result of the defective and unreasonably dangerous condition of the go kart, Plaintiff sustained an injury to her head and scalp as her hair became entangled in the drive chain.  The resulting injury has caused her both economic and non-economic damages.  She has undergone pain, suffering and disfigurement.  It was foreseeable to the Defendant that the product would be used by a child and it was additionally foreseeable that because a drive chain was not completely enclosed that there was a foreseeable risk that an operator's hair could

2

Electronically Filed - Jackson - Independence - December 04, 2014 - 10:35 AM

become entangled in the drive chain causing injury and damage to the operator.  This is what happened to the Plaintiff.

9. Plaintiff underwent medical care and treatment and incurred medical expenses. Plaintiff underwent pain and suffering.  She has had surgery and scarring.  Additionally, Plaintiff has been deprived of participating in activities and the participation in the normal daily activities of her life because of her injury and the necessity of treatment.  She has had multiple surgical procedures which caused her to be in attendance at physician appointments, hospital appointments which caused her to otherwise not be able to participate in the normal activities of her life.  She missed school.  There is a permanent component to Plaintiff's injury.  The effects of her injury will be with her for the rest of her life and will have more medical treatment in the future and incur future medical bills.

10. Plaintiff is entitled to an award of damages in such sum as would be fair, reasonable and just in amount.

WHEREFORE, Plaintiff prays judgment against Defendant in such sum as would be fair, reasonable and just in amount and for her costs expended and incurred herein.

## COUNT II

COMES NOW Plaintiff S███████ S██████ and for her cause of action against Defendant under Count II states as follows:

1. Plaintiff incorporates by reference each and every allegation, statement and averment contained in Count I.

2. The go kart was defective and unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

3

3.      The Defendant failed to provide an adequate warning concerning the danger and hazard posed by the drive chain and inadequate and inappropriate guard which was over the drive chain.  The drive chain was not completely and properly guarded so as to prevent inadvertent entangling of the operator's hair.

4.      As a direct result of the failure of the product to contain an adequate warning, the Plaintiff sustained a personal injury.

5.      Plaintiff sustained an injury to her head and scalp as her hair became entangled in the drive chain.  The resulting injury has caused her both economic and non-economic damages. She has undergone pain, suffering and disfigurement.  It was foreseeable to the Defendant that the product would be used by a child and it was additionally foreseeable that because a drive chain was not completely enclosed that there was a foreseeable risk that an operator's hair could become entangled in the drive chain causing injury and damage to the operator.  This is what happened to the Plaintiff.

6.      Plaintiff underwent medical care and treatment and incurred medical expenses. Plaintiff underwent pain and suffering.  She has had surgery and scarring.  Additionally, Plaintiff has been deprived of participating in activities and the participation in the normal daily activities of her life because of her injury and the necessity of treatment.  She has had multiple surgical procedures which caused her to be in attendance at physician appointments, hospital appointments which caused her to otherwise not be able to participate in the normal activities of her life. She missed school. There is a permanent component to Plaintiff's injury.  The effects of her injury will be with her for the rest of her life and will have more medical treatment in the future and incur future medical bills.

7.     Plaintiff is entitled to an award of damages in such sum as would be fair, reasonable and just in amount.

WHEREFORE, Plaintiff prays judgment against Defendant in such sum as would be fair, reasonable and just in amount and for her costs expended and incurred herein.

### COUNT III

COMES NOW Plaintiff S███████ S█████ and for her cause of action under Count III states as follows:

1.     Plaintiff incorporates by reference each and every allegation, statement and averment contained in all preceding Counts.

2.     The Defendant was negligent in supplying, selling and placing into the stream of commerce the go kart which caused an injury to Plaintiff.

3.     Defendant was negligent in the following particulars:

a)     Failing to provide a proper guard to enclose the chain driver so as to prevent inadvertent entanglement of the operator's hair.

b)     Failing to properly inspect and service the vehicle before placing it into the stream of commerce.

c)     Failing to exercise ordinary care to examine and inspect the go kart for hazards or conditions which could result in injury, and thereafter placing the go kart for sale.

4.     The condition of the go kart was such that it was foreseeable that it would cause injury to a user and Defendant was negligent in failing to properly inspect and assess the hazards of the product before selling it and placing it into the stream of commerce. It was foreseeable to the Defendant that the product would be used by a child and it was additionally foreseeable that

5

Electronically Filed - Jackson - Independence - December 04 2014 - 10:05 AM

because a drive chain was not completely enclosed that there was a foreseeable risk that an operator's hair could become entangled in the drive chain causing injury and damage to the operator. This is what happened to the Plaintiff.

5.      Defendant failed to use ordinary care to determine the marketability and/or design of the go kart in order to insure that it was reasonably safe. The Defendant also failed to adequately warn of the risk of harm which included the risk of an operator's hair becoming entangled in the drive chain of the go kart.

6.      As a direct result of the negligence and fault of Defendant, Plaintiff sustained an injury to her head and scalp as her hair became entangled in the drive chain. The resulting injury has caused her both economic and non-economic damages. She has undergone pain, suffering and disfigurement. It was foreseeable to the Defendant that the product would be used by a child and it was additionally foreseeable that because a drive chain was not completely enclosed that there was a foreseeable risk that an operator's hair could become entangled in the drive chain causing injury and damage to the operator. This is what happened to the Plaintiff.

7.      Plaintiff underwent medical care and treatment and incurred medical expenses. Plaintiff underwent pain and suffering. She has had surgery and scarring. Additionally, Plaintiff has been deprived of participating in activities and the participation in the normal daily activities of her life because of her injury and the necessity of treatment. She has had multiple surgical procedures which caused her to be in attendance at physician appointments, hospital appointments which caused her to otherwise not be able to participate in the normal activities of her life. She missed school. There is a permanent component to Plaintiff's injury. The effects of her injury will be with her for the rest of her life and will have more medical treatment in the future and incur future medical bills.

Electronically Filed - Jackson - Independence - December 04, 2014 - 10:05 AM.

8.     Plaintiff is entitled to an award of damages against Defendant in such sum as would be fair, reasonable and just in amount.

WHEREFORE, Plaintiff prays judgment against Defendant in such sum as would be fair, reasonable and just and for her costs expended and incurred herein.

## COUNT IV

COME NOW Plaintiffs Becky Sartory and Mark Sartory and for their cause of action against Defendant state as follows:

1.     Plaintiffs incorporate each and every allegation, statement and averment contained in Count I.

2.     Plaintiffs Becky Sartory and Mark Sartory are the biological parents of Plaintiff S█████S█████

3.     As a direct result of the personal injury sustained by Plaintiff S█████S█████ Plaintiffs Becky Sartory and Mark Sartory have sustained damage.  Plaintiffs Becky Sartory and Mark Sartory have had to provide care, treatment, dressing changes and other services to their daughter.

4.     Plaintiffs Becky Sartory and Mark Sartory have incurred and become responsible for medical bills relating to the care and treatment of their daughter, S█████S█████

5.     Plaintiff Becky Sartory has lost wages in connection with providing care and treatment to her daughter.

6.     Plaintiffs Becky Sartory and Mark Sartory are entitled to an award of damages against Defendant in an amount which would be fair, reasonable and just.

Electronically Filed - Jackson - Independence - December 04, 2014 - 10:05 AM

WHEREFORE, Plaintiffs Becky Sartory and Mark Sartory pray judgment against Defendant in such sum as would be fair, reasonable and just in amount and for their costs expended and incurred herein.

TURNER & SWEENY

John E. Turner - MO - 26218
[turner-sweeny@msn.com]
Christopher P. Sweeny - MO 44838/KS 16868
[csweeny@turnersweeny.com]
Marty W. Seaton - MO 58815/KS 23059
[mseaton@turnersweeny.com]
10401 Holmes Road, Suite 450
Kansas City, MO 64131
(816) 942-5100 - [FAX: (816) 942-5104]
ATTORNEYS FOR PLAINTIFFS



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>EDITH L MESSINA | Case Number:  1416-CV28068 |
|---|---|
| Plaintiff/Petitioner:<br>S█████ S█████<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN EDMUND TURNER<br>TURNER & SWEENY<br>10401 HOLMES ROAD<br>SUITE 450<br>KANSAS CITY, MO  64131 |
| Defendant/Respondent:<br>SAM'S EAST, INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

### Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:**  SAM'S EAST, INC.<br>**Alias:**<br>**SERVE RA: CT CORPORATION SYSTEM**<br>**120 SOUTH CENTRAL AVENUE**<br>**CLAYTON, MO  63105** | |

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>08-DEC-2014</u>
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                         _____
Printed Name of Sheriff or Server                   Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                       Date                              Notary Public

---

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

1416-CV28068

Electronically Filed - Jackson - Independence - December 04, 2014 - 10:05 AM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| S█████ S█████ <br> **By and Through her Next Friends** <br> **Becky Sartory and Mark Satory,** <br> **AND** <br> **BECKY SARTORY, Individually** <br> **MARK SARTORY, Individually** <br> **5620 Jaymar Circle** <br> **Louisburg, KS, 66053** <br><br>            **Plaintiff,** <br><br> **v.** <br><br> **SAM'S EAST, INC.** <br> **SERVE:  Registered Agent** <br> **CT Corporation System** <br> **120 South Central Avenue** <br> **Clayton, MO  63105** <br><br>            **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER APPOINTING NEXT FRIEND

NOW, on this 8TH day of _____DECEMBER_____, 2014, the Court takes up the

Application for Appointment of Next Friends filed by the minor Plaintiff and the Consent to Act

as Next Friends filed by Becky Sartory and Mark Sartory.  The Court finds the Becky Sartory

and Mark Sartory are proper individuals to act as Next Friends for the minor Plaintiff.

IT IS THEREFORE ORDERED that Becky Sartory and Mark Sartory be and hereby are

appointed as Next Friends for the minor Plaintiff, S█████ S█████

*Patricia A. McIntosh*
_____
DEPUTY CLERK ADMINISTRATOR

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

S S███████ ET AL

               **PLAINTIFF(S),**              **CASE NO.  1416-CV28068**

**VS.**                                          **DIVISION 12**

**SAM'S EAST, INC.,**

               **DEFENDANT(S).**

### NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
### AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **EDITH L MESSINA** on **23-MAR-2015** in **DIVISION 12** at **09:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

    a.    A trial setting;

    b.    Expert Witness Disclosure Cutoff Date;

    c.    A schedule for the orderly preparation of the case for trial;

    d.    Any issues which require input or action by the Court;

    e.    The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court.  Each party shall personally appear at the mediation and participate in the process.  In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case.  If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

**/S/ EDITH L MESSINA**
EDITH L MESSINA, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition.  It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
JOHN EDMUND TURNER, TURNER & SWEENY, 10401 HOLMES ROAD, SUITE 450, KANSAS CITY, MO 64131

CHRISTOPHER PAUL SWEENY, TURNER & SWEENY, 10401 HOLMES ROAD, SUITE 450, KANSAS CITY, MO 64131

MARTY WAYNE SEATON, TURNER & SWEENY, 10401 HOLMES ROAD, SUITE 450, KANSAS CITY, MO 64131

Defendant(s):
SAM'S EAST, INC.

Dated:  08-DEC-2014

**Jeffrey A. Eisenbeis**
Court Administrator

*Return SB*
*1/7*



### IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

14 DEC 29  PH 2: 18

| Judge or Division:<br>EDITH L MESSINA | Case Number: 1416-CV28068 |
|---|---|
| Plaintiff's/Petitioner:<br>S⬛ S⬛ | Plaintiff's/Petitioner's Attorney/Address<br>JOHN EDMUND TURNER<br>TURNER & SWEENY<br>10401 HOLMES ROAD<br>SUITE 450<br>KANSAS CITY, MO  64131 |
| **vs.** | |
| Defendant/Respondent:<br>SAM'S EAST, INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | *(Date File Stamp)* |

26218

## Summons in Civil Case

The State of Missouri to:  SAM'S EAST, INC.
Alias:
SERVE RA: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

*30 CTCOR B*

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

08-DEC-2014
Date

**JACKSON COUNTY**

Further Information: _____ Clerk

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☑ other _____

Served at _____ (address).

in _____ (County/City of St. Louis), MO, on _DEC_ _____ (date) at _____ (time).

_____                          _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*  Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date                                Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ (_____ miles @ $._____ per mile) |
| Total | $ _____ |

DEC 1 0 2014

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

*14-SMCC-12900*

*12/17/14*

OSCA (7-08) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 14-SMCC-12892**     1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

SSOTH

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


                              Circuit Court of Jackson County

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

SA███████SA██████                        )
By and Through her Next Friends          )
Becky Sartory and Mark Sartory,          )
       AND                               )
BECKY SARTORY, Individually              )
MARK SARTORY, Individually,              )
                                         )
              Plaintiffs,                )
                                         )      Cause No:    1416-CV28068
vs.                                      )
                                         )      Division No:   12
SAM'S EAST, INC.,                        )
                                         )
              Defendant.                 )

## SUGGESTIONS IN SUPPORT OF DEFENDANT SAM'S EAST, INC.'S MOTION TO TRANSFER VENUE

COMES NOW Defendant Sam's East, Inc. ("Defendant") and, pursuant to Local Rule 33.5 of the Circuit Court of Jackson County, for its Suggestions In Support of its Motion to Transfer Venue Pursuant to Rule 51.045 of the Missouri Rules of Civil Procedure, states as follows:

## BACKGROUND

In her Petition, Plaintiff Sa███████Sa█████ ("Plaintiff") claims that she sustained bodily injury on November 10, 2013 when Plaintiff's hair allegedly became entangled in the drive chain of a go-kart. Plaintiff's Petition ("Exhibit A"), ¶¶ 7-8. Plaintiff claims that the go-cart at issue was purchased from Defendant's store located in Grandview, Missouri. Id. at ¶4. Plaintiff has filed a Petition against Defendant alleging claims of product liability and negligence in connection with Defendant's alleged sale of the go-kart at issue. See generally Exhibit A.

Plaintiff resides at 5620 Jaymar Circle in Louisburg, Kansas. Id. at ¶ 1. The incident referenced in paragraph 1 above occurred at Plaintiff's residence. Id. at ¶ 7.

## DISCUSSION

§508.010.5 R.S.Mo. provides as follows:

1

Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured outside the state of Missouri, venue shall be determined as follows:

(1) If the defendant is a corporation, then venue shall be in any county where a defendant corporation's registered agent is located or, if the plaintiff's principal place of residence was in the state of Missouri on the date the plaintiff was first injured, then venue may be in the county of the plaintiff's principal place of residence on the date the plaintiff was first injured;

Plaintiff's Petition contains four counts against Defendant, all of which allege torts against Defendant.  See generally Exhibit A.  Plaintiff was first injured in the State of Kansas, outside the state of Missouri.  Id. at ¶ 5.  Defendant is a corporation.  Id. at ¶ 3.  Defendant's registered agent is located in St. Louis County, Missouri.  Exhibit A, ¶ 3; Missouri Online Business Filing ("Exhibit B").  Plaintiffs served their Petition on Defendant at the office of Defendant's registered agent in St. Louis County.  Service of Process Transmittal ("Exhibit C").

Because Plaintiff was first injured outside the state of Missouri, because Plaintiff's Petition contains at least one count alleging a tort, because Defendant is a corporation and because Defendant's registered agent is located in St. Louis County, pursuant to §508.010.5(1), venue is proper only in the Circuit Court of St. Louis County.

Edward W. Zeidler II

John P. Rahoy #41896
Edward W. Zeidler II  #56638
BROWN & JAMES, P.C.
Attorneys for Defendant
800 Market Street, Suite 1100
St. Louis, Missouri  63101
(314) 421-3400
(314) 421-3128 (Fax)
jrahoy@bjpc.com
ezeidler@bjpc.com

2

Electronically Filed - Jackson - Kansas City - January 02, 2015 - 03:42 PM

The undersigned hereby certifies that the above and foregoing pleading was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to: Turner-sweeny@msn.com Mr. John E. Turner, csweey@turnersweeny.com Mr. Christopher P. Sweeny, mseaton@turnersweeny.com Mr. Marty W. Seaton, Turner & Sweeny, Attorneys for Plaintiffs, 10401 Holmes Road, Suite 450, Kansas City, MO 64131, this ___ day of JANUARY 20 15 . Pursuant to Rule 55.03(a), the undersigned further certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

Edward W. Zeidler II

12094893

3

Electronically Filed - Jackson - Kansas City - January 02, 2015 - 03:42 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

S█████ S█████                              )
By and Through her Next Friends            )
Becky Sartory and Mark Sartory,            )
    AND                 )
BECKY SARTORY, Individually                )
MARK SARTORY, Individually,                )
                          )
    Plaintiffs,         )
                          )      Cause No:     1416-CV28068
vs.                                        )
                          )      Division No:   12
SAM'S EAST, INC.,                          )
                          )
    Defendant.          )

## DEFENDANT SAM'S EAST, INC.'S MOTION TO TRANSFER VENUE

COMES NOW Defendant Sam's East, Inc. ("Defendant") and, pursuant to Rule 51.045 of the Missouri Rules of Civil Procedure, for its Motion to Transfer Venue, states as follows:

1.    In her Petition, Plaintiff S█████ S█████ ("Plaintiff") claims that she sustained bodily injury on November 10, 2013 when Plaintiff's hair allegedly became entangled in the drive chain of a go-kart. Plaintiff's Petition ("Exhibit A"), ¶¶ 7-8.

2.    Plaintiff claims that the go-kart at issue was purchased from Defendant's store located in Grandview, Missouri. Id. at ¶4.

3.    Plaintiff resides at 5620 Jaymar Circle in Louisburg, Kansas. Id. at ¶ 1.

4.    The incident referenced in paragraph 1 above occurred at Plaintiff's residence. Id. at ¶ 7.

5.    §508.010.5 provides as follows:

Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured outside the state of Missouri, venue shall be determined as follows:

(1) If the defendant is a corporation, then venue shall be in any county where a defendant corporation's registered agent is located or, if the plaintiff's principal place of residence was in the state of Missouri on the date the plaintiff was first injured, then venue may be in the county

1

Electronically Filed - Jackson - Kansas City - January 02, 2015 - 03:42 PM

of the plaintiff's principal place of residence on the date the plaintiff was first injured;

6.      Plaintiff's Petition contains four counts against Defendant, all of which allege torts against Defendant. See generally Exhibit A.

7.      Plaintiff was first injured in the State of Kansas, outside the state of Missouri. Id. at ¶ 5.

8.      Defendant is a corporation. Id. at ¶ 3.

9.      Defendant's registered agent is located in St. Louis County, Missouri. Exhibit A at ¶ 3; Missouri Online Business Filing ("Exhibit B").

10.     Plaintiffs served their Petition on Defendant at the office of Defendant's registered agent in St. Louis County. Service of Process Transmittal ("Exhibit C").

11.     Because Plaintiff was first injured outside the state of Missouri, because Plaintiff's Petition contains at least one count alleging a tort, because Defendant is a corporation and because Defendant's registered agent is located in St. Louis County, pursuant to §508.010.5(1), venue is proper only in the Circuit Court of St. Louis County.

12.     Defendant has attached a proposed Order sustaining this Motion.

WHEREFORE, Defendant Sam's East, Inc. prays this Court for its Order sustaining Defendant's Motion to Transfer Venue and entering its Order transferring this matter to the Circuit Court of St. Louis County.

_Edward W. Zeidler II_

John P. Rahoy  #41896
Edward W. Zeidler II  #56638
BROWN & JAMES, P.C.
Attorneys for Defendant
800 Market Street, Suite 1100
St. Louis, Missouri  63101
(314) 421-3400
(314) 421-3128 (Fax)
jrahoy@bjpc.com
ezeidler@bjpc.com

Electronically Filed - Jackson - Kansas City - January 02, 2015 - 03:42 PM

The undersigned hereby certifies that the above and foregoing pleading was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to: Turner-sweeny@msn.com Mr. John E. Turner, csweey@turnersweeny.com Mr. Christopher P. Sweeny, mseaton@turnersweeny.com Mr. Marty W. Seaton, Turner & Sweeny, Attorneys for Plaintiffs, 10401 Holmes Road, Suite 450, Kansas City, MO 64131, this __2__ day of __JANUARY__ 20_15_. Pursuant to Rule 55.03(a), the undersigned further certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

Edward W. Zeidler II

12094404

3

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| S█████ S█████ | ) |
| By and Through her Next Friends | ) |
| Becky Sartory and Mark Sartory, | ) |
| AND | ) |
| BECKY SARTORY, Individually | ) |
| MARK SARTORY, Individually, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Cause No:   1416-CV28068 |
| | ) |
| | ) Division No:   12 |
| SAM'S EAST, INC., | ) |
| | ) |
| Defendant. | ) |

## DESIGNATION OF LEAD ATTORNEY OF RECORD

COMES NOW Defendant, Sam's East, Inc. and pursuant to Local Rule 3.5 of the Circuit

Court of Jackson County designates as lead counsel John P. Rahoy, Brown & James, P.C., 800

Market Street, Suite 1100, St. Louis, MO 63101.

*John P. Rahoy*
John P. Rahoy #41896
Edward W. Zeidler II #56638
BROWN & JAMES, P.C.
Attorneys for Defendant
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 (Fax)
jrahoy@bjpc.com
ezeidler@bjpc.com

    The undersigned hereby certifies that the above and foregoing pleading was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to: Turner-sweeny@msn.com Mr. John E. Turner, csweey@turnersweeny.com Mr. Christopher P. Sweeny, mseaton@turnersweeny.com Mr. Marty W. Seaton, Turner & Sweeny, Attorneys for Plaintiffs, 10401 Holmes Road, Suite 450, Kansas City, MO 64131, this __2__ day of __JANUARY__ 20 __15__. Pursuant to Rule 55.03(a), the undersigned further certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

*John P. Rahoy*

12095934

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| S███████ S██████<br>By and Through her Next Friends<br>Becky Sartory and Mark Sartory,<br>AND<br>BECKY SARTORY, Individually<br>MARK SARTORY, Individually,<br><br>          Plaintiffs,<br><br>vs.<br><br>SAM'S EAST, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)          Cause No:     1416-CV28068<br>)<br>)          Division No:   12<br>)<br>)<br>) |

## ENTRY OF APPEARANCE

COME NOW, John P. Rahoy and Edward W. Zeidler II, Brown & James, P.C., and hereby enter their appearance in the above matter for Defendant Sam's East, Inc.

*Edward W. Zeidler II*

John P. Rahoy #41896
Edward W. Zeidler II #56638
BROWN & JAMES, P.C.
Attorneys for Defendant
800 Market Street, Suite 1100
St. Louis, Missouri  63101
(314) 421-3400
(314) 421-3128 (Fax)
jrahoy@bjpc.com
ezeidler@bjpc.com

The undersigned hereby certifies that the above and foregoing pleading was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to: Turner-sweeny@msn.com Mr. John E. Turner, csweey@turnersweeny.com Mr. Christopher P. Sweeny, mseaton@turnersweeny.com Mr. Marty W. Seaton, Turner & Sweeny, Attorneys for Plaintiffs, 10401 Holmes Road, Suite 450, Kansas City, MO 64131, this __2__ day of JANUARY , 20 15 . Pursuant to Rule 55.03(a), the undersigned further certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

*Edward W. Zeidler II*

12095930

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | |
|---|---|
| S███████ S███████ <br> **By and Through her Next Friends** <br> **Becky Sartory and Mark Satory,** <br> **AND** <br> **BECKY SARTORY, Individually** <br> **MARK SARTORY, Individually** <br><br>        **Plaintiff,** <br><br> **v.** <br><br> **SAM'S EAST, INC.** <br><br>        **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Case No:  1416-CV28068**<br>)   **Division 12**<br>)<br>)<br>)<br>) |

<u>**PLAINTIFFS' CERTIFICATE OF SERVICE OF**</u>
<u>**OPENING DISCOVERY REQUESTS TO DEFENDANT**</u>

COME NOW Plaintiffs, by and through their counsel of record and certify that the original and two (2) copies of Plaintiff's Opening Interrogatories to Defendant along with the original of Plaintiffs' First Request for Production of Documents to Defendant were duly mailed, and a true copy of same emailed this 7th day of January, 2015, to:  Mr. John P. Rahoy, jrahoy@bjpc.com, 800 Market Street, Suite 1100, St. Louis, Missouri, 63101, Attorney for Defendant.

                        TURNER & SWEENY

                        */S/ John E. Turner*
                        John E. Turner - MO - 26218
                        [turner-sweeny@msn.com]
                        Christopher P. Sweeny - MO 44838/KS 16868
                        [csweeny@turnersweeny.com]
                        Marty W. Seaton - MO 58815/KS 23059
                        [mseaton@turnersweeny.com]
                        10401 Holmes Road, Suite 450
                        Kansas City, MO  64131
                        (816) 942-5100 - [FAX:  (816) 942-5104]
                        ATTORNEYS FOR PLAINTIFFS

Electronically Filed - Jackson - Kansas City - January 07, 2015 - 09:41 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | |
|---|---|
| S.███████ S.█████████ | ) |
| **By and Through her Next Friends** | ) |
| **Becky Sartory and Mark Satory,** | ) |
| **AND** | ) |
| **BECKY SARTORY, Individually** | ) |
| **MARK SARTORY, Individually** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **Case No:  1416-CV28068** |
| | )   **Division 12** |
| **SAM'S EAST, INC.** | ) |
| | ) |
| **Defendant.** | ) |

## JOINT STIPULATION AND MOTION FOR EXTENSION OF TIME

COME NOW Plaintiffs and Defendant, by and through their undersigned counsel and makes the following Joint Stipulation and Motion for Extension of Time:

1.       Plaintiff's Petition has been served on the Defendant and Plaintiffs have sent opening discovery requests to Defendant.  Pursuant to Missouri Supreme Court Rules Defendant has 30 days to file an Answer to Plaintiffs' Petition and also has 30 days to respond to Plaintiffs' discovery requests.

2.       Defendant has filed a Motion to Transfer Venue.  Pursuant to Missouri Supreme Court Rule 51.045, Plaintiffs have 30 days to respond to Defendant's Motion to Transfer Venue but the Court may extend that time.

3.       Plaintiffs and Defendant have reached a Joint Stipulation to extend the time for Plaintiff to respond to Defendant's Motion to Transfer Venue, to extend the time that Defendant has to file an Answer to Plaintiffs' Petition, and to extend the time that Defendant has to respond to Plaintiffs' opening discovery.   Specifically, Defendant has agreed that Plaintiffs may have

until February 27, 2015 to file a responsive pleading to Defendant's Motion to Transfer Venue, and Plaintiffs have agreed that Defendant may have until February 27, 2015 to file an Answer to Plaintiff's Petition and to respond to Plaintiffs' opening discovery requests. Defendant agrees that it will not take the position that Plaintiffs' responsive pleading to Defendant's Motion to Transfer Venue is out of time as long as Plaintiffs file a responsive pleading by February 27, 2015. Plaintiffs agree that they will not seek a default judgment or object or file any motions or make any attempts to enforce discovery as long as Defendant files an Answer to Plaintiff's Petition and provides responses to Plaintiff's opening discovery by February 27, 2015.

4.      The parties request that the Court not transfer venue or consider Defendant's Motion to Transfer Venue until the time for Plaintiffs' response is due as set forth in this Stipulation. The parties specifically request that Court not automatically grant Defendant's motion to transfer venue if the motion has not been denied within 90 days as set forth in § 508.080.10 R.S.Mo. Section 508.080.10 provides that the parties may stipulate in writing that the Court not automatically grant the motion if it has not been denied within 90 days. By this written stipulation, the parties hereby waive in writing the requirement that the Court deem Defendant's motion granted if not denied within 90 days.

WHEREFORE, the parties move that, pursuant to the stipulation of the parties, the Court enter an Order extending the time for Plaintiffs to respond to Defendant's Motion to Transfer Venue to February 27, 2015, extending the time for Defendant to file an Answer to Plaintiff's Petition to February 27, 2015, extending the time for Defendant to respond to Plaintiffs' opening discovery to February 27, 2015, and that the Court not enforce the statutory requirement set forth in § 508.080.10 R.S.Mo. that Defendant's Motion to Transfer Venue must be granted if not denied within 90 days, because the parties have hereby waived in writing the requirement that

the Court grant the motion if not denied within 90 days as is permitted by the statute, and for such further relief as the Court deems fair proper and just.

_____
Judge

_____
Date

Electronically Filed - Jackson - Kansas City - January 30, 2015  04:07 PM

Electronically Filed - Jackson - Kansas City - January 30, 2015 - 04:07 PM

TURNER & SWEENY


_/s/ Marty W. Seaton_
John E. Turner - MO – 26218
[_turner-sweeny@msn.com_]
Christopher P. Sweeny - MO-44838/KS 16868
[_csweeny@turnersweeny.com_]
Marty W. Seaton - MO - 58815/KS 23059
[_mseaton@turnersweeny.com_]
10401 Holmes Road, Ste. 450
Kansas City, Missouri 64131
(816) 942-5100
[FAX: (816) 942-5104]
ATTORNEYS FOR PLAINTIFFS


BROWN & JAMES, PC


_/s/ Edward W. Zeidler II_
John P. Rahoy - MO – 41896
[_jrahoy@bjpc.com_]
Edward W. Zeidler II – MO – 56638
[_ezeidler@bjpc.com_]
800 Market Street, Suite 1100
St. Louis, MO  63101
(314) 421-3400
[FAX:  (314) 421-3128
ATTORNEYS FOR DEFENDANT

4

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| S███████ S███████ et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case  No. 1416-CV28068 |
| vs. | ) Division 4 |
| | ) |
| SAM'S EAST, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

NOW on this 2nd__ day of _February_, 2015, the Court takes up and considers the Parties' Joint Stipulation and Motion for Extension of Time, filed January 30, 2015, and the Court being fully advised on the premises orders as follows:

IT IS HEREBY ORDERED that Joint Motion for Extension of Time is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiffs shall have until February 27, 2015 to respond to Defendant's Motion to Transfer Venue.

IT IS FURTHER ORDERED that Defendant shall have until February 27, 2015 to file and answer to Plaintiff's petition and respond to Plaintiff's opening discovery requests.

IT IS SO ORDERED.

Date: 02-Feb-2015 _____

_____
Presiding Judge Justine E. Del Muro
Division 4

**CERTIFICATE OF MAILING**

It is hereby certified that a copy of the forgoing was sent via the E-Filing System, this 2nd__ day of __February__, 2015, to the following:

JOHN EDMUND TURNER
CHRISTOPHER PAUL SWEENY
MARTY WAYNE SEATON              _____
JOHN PHILLIP RAHOY                Law Clerk
EDWARD WILLIAM ZEIDLER, II

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| S███████ S███████, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1416-CV28068 |
| vs. | ) | Division 4 |
| | ) | |
| SAM'S EAST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

NOW on this <u>2nd</u> day of <u>February</u>, 2015, the Court takes up and considers the Parties' Joint Stipulation and Motion for Extension of Time, filed January 30, 2015, and the Court being fully advised on the premises orders as follows:

IT IS HEREBY ORDERED that Joint Motion for Extension of Time is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiffs shall have until February 27, 2015 to respond to Defendant's Motion to Transfer Venue.

IT IS FURTHER ORDERED that Defendant shall have until February 27, 2015 to file and answer to Plaintiff's petition and respond to Plaintiff's opening discovery requests.

IT IS SO ORDERED.

Date: <u>02-Feb-2015</u>

*Justine E Del Muro*
Presiding Judge Justine E. Del Muro
Division 4

## CERTIFICATE OF MAILING

It is hereby certified that a copy of the forgoing was sent via the E-Filing System, this <u>2nd</u> day of <u>February</u>, 2015, to the following:

JOHN EDMUND TURNER
CHRISTOPHER PAUL SWEENY
MARTY WAYNE SEATON
JOHN PHILLIP RAHOY
EDWARD WILLIAM ZEIDLER, II

Law Clerk

Electronically Filed - Jackson - Kansas City - February 27, 2015 - 03:22 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

S/▮▮▮▮ S/▮▮▮▮             )
By and Through her Next Friends      )
Becky Sartory and Mark Sartory,      )
   AND                            )
BECKY SARTORY, Individually          )
MARK SARTORY, Individually,          )
                                    )
      Plaintiffs,          )
                                    )
                                    )   Cause No:   1416-CV28068
vs.                                  )
                                    )   Division No:   12
SAM'S EAST, INC.,                    )
                                    )
      Defendant.           )

## DEFENDANT SAM'S EAST, INC.'S ANSWER AND RESPONSE TO PLAINTIFFS' PETITION FOR DAMAGES

COMES NOW Defendant Sam's East, Inc. ("Defendant") and for its Answer and Response to Plaintiffs' Petition for Damages, states as follows:

### COUNT I

1.    Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 1 of Count I of Plaintiffs' Petition for Damages, and therefore denies same.

2.    Defendant denies that Plaintiffs Mark and Becky Sartory have stated cognizable claims against Defendant, and Defendant lacks sufficient information to admit or deny the remainder of the allegations contained in paragraph 2 of Count I of Plaintiffs' Petition for Damages, and therefore denies same.

3.    Defendant admits that it is a corporation and that its designated agent for the acceptance of service of process in the State of Missouri is CT Corporation, located at 120 South Central Avenue, Clayton MO 63105. Defendant denies the remainder of the allegations contained in paragraph 3 of Count I of Plaintiffs' Petition for Damages not specifically admitted herein.

1

3 [sic]. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 3 [sic] of Count I of Plaintiffs' Petition for Damages, and therefore denies same.

4.      Defendant admits that it operates a business in Jackson County, Missouri, as well as other locations in Missouri.   However, Defendant denies that venue for this matter is proper in the Circuit Court of Jackson County, Missouri.   Defendant lacks sufficient information to admit or deny whether the go kart referenced in Plaintiffs' Petition for Damages was sold by Defendant, and therefore Defendant denies that allegation.   Defendant denies the remainder of the allegations contained in paragraph 4 of Count I of Plaintiffs' Petition for Damages not specifically admitted herein.

5.      Defendant denies the allegations contained in paragraph 5 of Count I of Plaintiffs' Petition for Damages.

6.      Defendant denies the allegations contained in paragraph 6 of Count I of Plaintiffs' Petition for Damages.

7.      Defendant denies the allegations contained in paragraph 7 of Count I of Plaintiffs' Petition for Damages.

8.      Defendant denies the allegations contained in paragraph 8 of Count I of Plaintiffs' Petition for Damages.

9.      Defendant denies the allegations contained in paragraph 9 of Count I of Plaintiffs' Petition for Damages.

10.     Defendant denies the allegations contained in paragraph 10 of Count I of Plaintiffs' Petition for Damages.

11.     Defendant denies the remainder of the allegations contained in Count I of Plaintiffs' Petition for Damages not specifically admitted above.

<u>COUNT II</u>

1.      Defendant restates and incorporates by reference paragraphs 1 through 11 of Defendant's Answer and Response to Plaintiffs' Petition for Damages, as if fully stated herein,

Electronically Filed - Jackson - Kansas City - February 27, 2015 - 03:22 PM

Electronically Filed - Jackson - Kansas City - February 27, 2015 - 03:22 PM

as Defendant's answer and response to paragraph 1 of Count II of Plaintiffs' Petition for Damages.

2.      Defendant denies the allegations contained in paragraph 2 of Count II of Plaintiffs' Petition for Damages.

3.      Defendant denies the allegations contained in paragraph 3 of Count II of Plaintiffs' Petition for Damages.

4.      Defendant denies the allegations contained in paragraph 4 of Count II of Plaintiffs' Petition for Damages.

5.      Defendant denies the allegations contained in paragraph 5 of Count II of Plaintiffs' Petition for Damages.

6.      Defendant denies the allegations contained in paragraph 6 of Count II of Plaintiffs' Petition for Damages.

7.      Defendant denies the allegations contained in paragraph 7 of Count II of Plaintiffs' Petition for Damages.

8.      Defendant denies the remainder of the allegations contained in Count II of Plaintiffs' Petition for Damages not specifically admitted above.

### COUNT III

1.      Defendant restates and incorporates by reference paragraphs 1 through 11 of Defendant's Answer and Response to Count I of Plaintiffs' Petition for Damages, and paragraphs 1 through 8 of Defendant's Answer and Response to Count II of Plaintiffs' Petition for Damages, as if fully stated herein, as Defendant's answer and response to paragraph 1 of Count III of Plaintiffs' Petition for Damages.

2.      Defendant denies the allegations contained in paragraph 2 of Count III of Plaintiffs' Petition for Damages.

3.      Defendant denies the allegations contained in paragraph 3, and all subparts thereof, of Count III of Plaintiffs' Petition for Damages.

4.      Defendant denies the allegations contained in paragraph 4 of Count III of Plaintiffs' Petition for Damages.

5.      Defendant denies the allegations contained in paragraph 5 of Count III of Plaintiffs' Petition for Damages.

6.      Defendant denies the allegations contained in paragraph 6 of Count III of Plaintiffs' Petition for Damages.

7.      Defendant denies the allegations contained in paragraph 7 of Count III of Plaintiffs' Petition for Damages.

8.      Defendant denies the allegations contained in paragraph 8 of Count III of Plaintiffs' Petition for Damages.

9.      Defendant denies the remainder of the allegations contained in Count III of Plaintiffs' Petition for Damages not specifically admitted above.

<u>**COUNT IV**</u>

1.      Defendant restates and incorporates by reference paragraphs 1 through 11 of Defendant's Answer and Response to Plaintiffs' Petition for Damages, as if fully stated herein, as Defendant's answer and response to paragraph 1 of Count IV of Plaintiffs' Petition for Damages.

2.      Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 2 of Count IV of Plaintiffs' Petition for Damages, and therefore denies same.

3.      Defendant denies the allegations contained in paragraph 3 of Count IV of Plaintiffs' Petition for Damages.

4.      Defendant denies the allegations contained In paragraph 4 of Count IV of Plaintiffs' Petition for Damages.

5.      Defendant denies the allegations contained in paragraph 5 of Count IV of Plaintiffs' Petition for Damages.

Electronically Filed - Jackson - Kansas City - February 27, 2015 - 03:32 PM

6.     Defendant denies the allegations contained in paragraph 6 of Count IV of Plaintiffs' Petition for Damages.

7.     Defendant denies the remainder of the allegations contained in Count III of Plaintiffs' Petition for Damages not specifically admitted above.

### AFFIRMATIVE DEFENSES

1.     For further answer, Defendant states that Count I of Plaintiffs' Petition for Damages fails to state a cause of action upon which relief can be granted against this Defendant.

2.     For further answer, Defendant states that Count II of Plaintiffs' Petition for Damages fails to state a cause of action upon which relief can be granted against this Defendant.

3.     For further answer, Defendant states that Count III of Plaintiffs' Petition for Damages fails to state a cause of action upon which relief can be granted against this Defendant.

4.     For further answer, Defendant states that Count IV of Plaintiffs' Petition for Damages fails to state a cause of action upon which relief can be granted against this Defendant.

5.     For further answer, Defendant states that there is no causal connection between any conduct of Defendant and any alleged loss or damage that Plaintiffs claim to have sustained.

6.     For further answer, Defendant states that Plaintiffs are barred from recovery from this Defendant because this Defendant owed no duty to Plaintiffs.

7.     For further answer, Defendant states that whatever injuries and damages Plaintiffs may have sustained, if any, were the direct and proximate result of Plaintiff S███ S███s own carelessness, negligence and/or comparative fault, and Plaintiffs' recovery is therefore barred or should be proportionally reduced.

5

Electronically Filed - Jackson - Kansas City - February 27, 2015 - 03:22 PM

8.      For further answer, Defendant states that whatever injuries and damages were sustained by Plaintiffs, if any, were the direct and proximate result of the negligent acts and/or omissions of individuals and entities over whom this Defendant has and had no control, and as a result, Defendant cannot be held liable to Plaintiff or at the very least is entitled to a pro rata reduction in any judgment against it in an amount which corresponds to the relative degree of negligence of said other individuals or entities

9.      For further answer, Defendant states that Plaintiffs are barred from recovery from this Defendant because Plaintiffs knew or in the exercise of ordinary care should have known of the risks and hazards involved regarding the occurrence which is the subject of Plaintiffs' action, but nevertheless and with full knowledge, did fully and voluntarily consent to assume such risks and hazards.

10.      For further answer, Defendant states that Plaintiffs' injuries, if any, was directly caused or directly contributed to by Plaintiffs in that:

a.      Plaintiffs failed to use the product as reasonably anticipated by the manufacturer;

b.      Plaintiffs used the product for a purpose not intended by the manufacturer;

c.      Plaintiffs used the product with knowledge that a danger was involved in such use with a reasonable appreciation of the consequences and voluntarily and unreasonably exposed themselves to said danger;

d.      Plaintiffs unreasonably failed to appreciate the danger involved in the use of the product or the consequences thereof and voluntarily and unreasonably exposed themselves to said danger; and

e.      Plaintiffs failed to take precautions a reasonably careful user of the product would take to protect themselves against the dangers of said use which they should reasonably appreciate under the same or similar circumstances.

6

11.     For further answer, Defendant states that Plaintiffs intentionally and deliberately misused the product at issue in disregard of instructions and directions regarding its use, and in an improper manner that was not reasonably foreseeable to Defendant, and this deliberate misuse and abuse was the proximate cause of Plaintiffs' alleged damages.

12.     For further answer, Defendant states that Plaintiffs' alleged damages were sustained as a direct result of unforeseeable, superseding and/or intervening causes for which Defendant is neither responsible nor liable.

13.     For further answer, Defendant states that the product, at the time of the incident mentioned in the Complaint, was not in a substantially similar condition as it was at the time of manufacture.

14.     For further answer, Defendant states that Plaintiffs failed to use ordinary care.

15.     For further answer, Defendant states that the product at issue was state of the art.

16.     For further answer, Defendant states that, if it is judicially determined that there was a defect in the product, said defect being specifically denied by this Defendant, Plaintiffs, by the exercise of reasonable care, could have discovered the defect, perceived its danger, and avoided injury.

17.     For further answer, Defendant states that Plaintiffs, or other third parties not under the control of this Defendant, failed to use the product at issue as reasonably anticipated by the manufacturer, and Plaintiffs' alleged injuries and damages were caused by the unauthorized, unintended or improper use of such product, and by the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not liable or responsible.

18.     For further answer, Defendant states that if Plaintiffs were injured by any product sold or supplied by this Defendant, which is expressly denied, such product was furnished, supplied or sold in strict conformity within the prevailing scientific, technological and industry standards existing at the time of such sale or supply.

Electronically Filed - Jackson - Kansas City - February 27, 2015  03:22 PM

19.     For further answer, Defendant states that Plaintiffs unreasonably failed to appreciate the dangers involved in the use of the product or the consequences thereof and unreasonably exposed themselves to such dangers.

20.     For further answer, Defendant states that if Plaintiffs were injured by Plaintiffs' use of a product sold or supplied by this Defendant, which is expressly denied, then such product was not defective at the time it was sold or supplied by this Defendant, and Plaintiffs' alleged injuries are the sole and proximate result of Plaintiffs' intentional and/or negligent misuse of the product.

21.     For further answer, Defendant states that Plaintiffs were sophisticated purchasers and/or users of the product identified in Plaintiffs' Petition for Damages, and as such they required no warnings in order to be fully apprised of the potential injury from the use and/or misuse of such product.

22.     For further answer, Defendant states that the dangers of misusing the product at issue are open and obvious and were known or should have been known to Plaintiffs at the time they used the product.

23.     For further answer, Defendant states that Plaintiffs' claims are barred to the extent that Plaintiffs have failed to mitigate her damages.

24.     For further answer, Defendant states that if there was any duty to warn Plaintiffs or provide protection to them, it was not the duty of this Defendant.  Moreover, breach of that duty was an intervening and/or superseding cause of any injuries allegedly sustained by Plaintiffs.

25.     For further answer,  Defendant states that it is entitled to a setoff or credit in the amount of any settlement or compromise previously or subsequently reached by Plaintiffs with any other person for any of Plaintiffs' alleged damages, as provided by §537.060 and §537.065, R.S. Mo. (2000), or by any other relevant and similar State statute.

26.     For further answer, Defendant states that Plaintiffs' alleged injuries or damages, if any, were not caused by the negligence of this Defendant, but rather were proximately caused by the abnormal, unforeseeable, and/or unintended, use(s) or misuse(s) of the product in question.

27.     For further answer, Defendant states that any duty to warn that may have existed was discharged by the provision of warnings to the anticipated user that were adequate in light of the anticipated user's knowledge of such product.

28.     For further answer, Defendant states that based upon the state of scientific, technological and industrial knowledge at the time any product at issue was sold or supplied by this Defendant, such product was reasonably safe for its normal and foreseeable use at all relevant times, or in light of existing reasonably available scientific, technological and industrial knowledge at the time of sale or supply, this Defendant could not have known: (a) the design characteristics, if any, that allegedly caused the damages complained of by Plaintiffs; (b) the danger of such characteristics; or (c) any alternative design.

29.     For further answer, Defendant states that Plaintiffs' claims are barred in whole or in part by the lack of defect, as any product allegedly produced, sold or supplied by this Defendant was properly produced, sold or supplied in accordance with the applicable standard of care and in compliance with all applicable federal, state and industry statutes and regulations, if any, existing at the time of production, sale or supply that prescribed standards for design, inspection, testing, manufacture, labeling, warning or instructions for use of any product allegedly produced, sold or supplied by this Defendant.

30.     For further answer, Defendant states that it did not alter, modify or repackage the product at issue.

31.     For further answer, Defendant states that Plaintiffs' claims may be pre-empted in whole or in part by federal and/or state statutes.

32.     For further answer, Defendant states that if this Defendant is found liable, which liability this Defendant specifically denies, this Defendant is entitled to indemnity, contribution, and/or set-off from those persons or entities whose fault caused or contributed to the damages for which recovery is sought and are further entitled to liability protection to the full extent permitted under applicable law.

Electronically Filed - Jackson - Kansas City - February 27, 2015 - 03:22 PM

33.    For further answer, Defendant states that in the event of an adjudication of the issues in this cause whereby this Defendant is held liable to respond in damages to Plaintiffs, Defendant provides notice to the Court and all parties that it intends to invoke the provisions of R.S.Mo. § 490.715 which provide in part that in determining the value of medical treatment provided, there shall be a rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered.

34.    For further answer, Defendant states that it is an innocent seller in the stream of commerce pursuant to R.S.Mo. §537.762 and, therefore, Plaintiffs fail to state a cause of action against this Defendant.

35.    For further answer, Defendant hereby gives notice that it intends to rely upon such other additional defenses as may become available or appear subsequently in this case, including during the course of discovery proceedings, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, Defendant Sam's East, Inc., having fully answered and responded to Plaintiffs' Petition for Damages, prays that this Court dismiss Plaintiffs' claims against Defendant with prejudice and award costs and expenses incurred herein and for such further relief as the Court deems just and proper.

Edward W Zeidler II

John P. Rahoy  #41896
Edward W. Zeidler II   #56638
BROWN & JAMES, P.C.
Attorneys for Defendant
800 Market Street, Suite 1100
St. Louis, Missouri  63101
(314) 421-3400
(314) 421-3128 (Fax)
jrahoy@bjpc.com

Electronically Filed - Jackson - Kansas City - February 27, 2015 - 03:22 PM

The undersigned hereby certifies that the above and foregoing pleading was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to: Turner-sweeny@msn.com Mr. John E. Turner, csweey@turnersweeny.com Mr. Christopher P. Sweeny, mseaton@turnersweeny.com Mr. Marty W. Seaton, Turner & Sweeny, Attorneys for Plaintiffs, 10401 Holmes Road, Suite 450, Kansas City, MO 64131, this ⌐7 day of FEBRUARY 20 15. Pursuant to Rule 55.03(a), the undersigned further certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

Edward W. Zaiell Jr.

11

Electronically Filed - Jackson - Kansas City - March 09, 2015 - 03:41 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

S█████ S█████,                       )
By and Through her Next Friends      )
Becky Sartory and Mark Sartory,      )      Cause No:      1416-CV28068
        AND                          )      Division No:   12
BECKY SARTORY, Individually          )
MARK SARTORY, Individually,          )
                                     )
        Plaintiffs,                  )
                                     )
vs.                                  )
                                     )
SAM'S EAST, INC.,                    )
                                     )
        Defendant.                   )

## DEFENDANT'S CERTIFICATE OF SERVICE

The undersigned certifies that Defendant Sam's East, Inc., served its Answers to Plaintiff's' First Interrogatories and Responses to Plaintiffs' First Request for Production of Documents, by mailing same, postage prepaid, to: Mr. John E. Turner, Mr. Christopher P. Sweeny, Mr. Marty W. Seaton, Turner & Sweeny, Attorneys for Plaintiffs, 10401 Holmes Road, Suite 450, Kansas City, MO 64131 on this ___9___ day of March 2015.


                        _Edward W. Zeidler II_
                        John P. Rahoy #41896
                        Edward W. Zeidler II #56638
                        BROWN & JAMES, P.C.
                        Attorneys for Defendant
                        800 Market Street, Suite 1100
                        St. Louis, Missouri 63101
                        (314) 421-3400
                        (314) 421-3128 (Fax)
                        jrahoy@bjpc.com
                        ezeidler@bjpc.com

Electronically Filed - Jackson - Kansas City - March 09, 2015 - 03:41 PM

The undersigned hereby certifies that the above and foregoing pleading was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to: Turner-sweeny@msn.com Mr. John E. Turner, csweey@turnersweeny.com Mr. Christopher P. Sweeny, mseaton@turnersweeny.com Mr. Marty W. Seaton, Turner & Sweeny, Attorneys for Plaintiffs, 10401 Holmes Road, Suite 450, Kansas City, MO 64131, this _9_ day of _march_ 20_15_. Pursuant to Rule 55.03(a), the undersigned further certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.


Edward W. Zandt III


ank
3/9/15
12214896

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

S███████ S███████          )
By and Through her Next Friends     )
Becky Sartory and Mark Sartory,     )     Cause No:      1416-CV28068
        AND                          )     Division No:   12
BECKY SARTORY, Individually,        )
MARK SARTORY, Individually,         )
                                     )
        Plaintiffs,                  )
                                     )
vs.                                  )
                                     )
SAM'S EAST, INC.,                    )
                                     )
        Defendant.                   )

### DEFENDANT'S CERTIFICATE OF SERVICE

The undersigned certifies that Defendant Sam's East, Inc., served its First

Interrogatories and First Request for Production of Documents directed to Plaintiffs S████

S███ by and through her Next Friends Becky Sartory and Mark Sartory, Becky Sartory,

Individually and Mark Sartory, Individually, by mailing same, postage prepaid, to: Mr. John E.

Turner, Mr. Christopher P. Sweeny, Mr. Marty W. Seaton, Turner & Sweeny, Attorneys for

Plaintiffs, 10401 Holmes Road, Suite 450, Kansas City, MO 64131on this __9__ day of March

2015. Copies of the above were also forwarded via Word format to: Turner-sweeny@msn.com

Mr.   John   E.   Turner,   csweey@turnersweeny.com   Mr.   Christopher   P.   Sweeny,

mseaton@turnersweeny.com.


_Edward W. Zeidler II_
John P. Rahoy #41896
Edward W. Zeidler II #56638
BROWN & JAMES, P.C.
Attorneys for Defendant
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 (Fax)
jrahoy@bjpc.com
ezeidler@bjpc.com

Electronically Filed - Jackson - Kansas City - March 09, 2015 - 03:41 PM

Electronically Filed - Jackson - Kansas City - March 09, 2015 - 03:41 PM

The undersigned hereby certifies that the above and foregoing pleading was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to: Turner-sweeny@msn.com Mr. John E. Turner, csweey@turnersweeny.com Mr. Christopher P. Sweeny, mseaton@turnersweeny.com Mr. Marty W. Seaton, Turner & Sweeny, Attorneys for Plaintiffs, 10401 Holmes Road, Suite 450, Kansas City, MO 64131, this __9__ day of __March__ 20__15__. Pursuant to Rule 55.03(a), the undersigned further certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

Edward W. Zaidle II

ank
3/5/15
12209278

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
### AT KANSAS CITY

S███████ S███████ by and through )
Her Next Friends Becky Sartory and Mark )
Sartory, et al., )
                                 )
              Plaintiffs, )
                                 )     Case No. 1416-CV28068
v.                               )     Division 12
                                 )
SAM'S EAST, INC., )
                                 )
             Defendant. )

### ORDER

        NOW ON THIS 11th day of _____March_____, 2015, the Court takes up and considers *Defendant Sam's East, Inc.'s Motion to Transfer Venue*, filed filed January 2, 2015, and no opposition being filed, the Court being fully advised of the premises orders as follows:

        IT IS HEREBY ORDERED that *Defendant Sam's East, Inc.'s Motion to Transfer Venue* is **GRANTED**. This matter shall be transferred to the Circuit Court sitting in St. Louis County, Missouri.

        IT IS SO ORDERED.

Date: _11-Mar-2015_

                                        _____
                                        Judge Jennifer M. Phillips
                                        Division 12

### CERTIFICATE OF MAILING

        It is hereby certified that a copy of the forgoing was sent via the e-filing system, this 11th day of _____March_____, 2015, to the following:

JOHN EDMUND TURNER
CHRISTOPHER PAUL SWEENY
MARTY WAYNE SEATON
JOHN PHILLIP RAHOY
EDWARD WILLIAM ZEIDLER, II

                                         Law Clerk

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☒ AT KANSAS CITY      ☐ AT INDEPENDENCE

S███████ S███████,
Plaintiff,

vs.

CASE NO.  1416-CV28068

SAM'S EAST, INC.
Defendant,

☒ CIRCUIT COURT
☐ ASSOCIATE CIRCUIT COURT

## CERTIFICATE OF MAILING

☒   The undersigned certifies that the original contents of the case file and <u>Order transferring cause to</u>
<u>St. Louis County</u> was mailed on this day by U.S. mail, postage prepaid, to the following person(s) at the
stated address(es):

JOAN GILMER CIRCT CLK
ST LOUIS CNTY CRT BLDG
7900 CARONDELET
CLAYTON MO 63105

COURT ADMINISTRATOR'S OFFICE
DEPARTMENT OF CIVIL RECORDS
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

_____3/19/2015_____
DATE

_____
DEPUTY

1416-CV28068                     Page 1 of 1                     COVCOM
                                                                 05/2012

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

| JUDGE OR DIVISION | CASE NUMBER |
|---|---|
| DIVISION 4 | 1416-CV28068 |

| Petitioner | | |
|---|---|---|
| S      S | ☒ Civil      ☐ Criminal | ☒ Change of Venue      ☐ Case Transfer |

vs

Venue Changed or Case Transferred  to (County and Division)

SAM'S EAST, INC.,
Respondent

ST. LOUIS COUNTY, MISSOURI

(Date File Stamp)

| Date Ordered | Deposit/Bond Posted | Deposit Balance Transferred | Judge/Commissioner |
|---|---|---|---|
| 3/11/2015 | $ | | JUSTINE E DEL MURO |

**Change of Venue or Case Transfer**
**Transmittal/Costs and Fees Statement**

Pursuant to an order of the court, the following documents are enclosed:

☒ All original documents (including judge's docket sheet)
☐ A certified copy of the judge's docket sheet
☒ A check for the deposit balance (civil cases only/bond)

☒ A copy of this transmittal was sent to:

John E. Turner (turner-sweeney@msn.com)

**Costs and Fees Accrued to Date**

| Costs/Fees | Amount Assessed | Amount Due |
|---|---|---|
| 3006  Family Court - Circuit | | |
| 3008  Law Library | 20.00 | -0- |
| 3200  Civil Records | | |
| 3062  Sheriff – Civil – Circuit | | |
| ☒ 3300  Circuit Civil Costs w/SRF /  ☐ 3302  Associate Civil Costs w/SRF | 83.00 | -0- |
| 3070  Dom Viol – Dissolutions – Circuit | 2.00 | -0- |
| 3066  Sheriff – Other – Co-Civil-Circ | | |
| 3065  Sheriff Deputy Salary Supp | | |
| 3106  Copy Fees | | |
| 3168  CASA Surcharge | | |
| Other    3104 – POSTAGE | 7.00 | -0- |
| **TOTAL** | 112.00 | |
| **DEPOSIT APPLIED** | 112.00 | |
| **BALANCE DUE JACKSON COUNTY** | -0- | |

**Certificate of Transmittal**

I certify that a copy of the judge's docket sheet and all other original records of this case are enclosed and that the costs and fees information provided on this transmittal is an accurate accounting of all costs and fees which accrued in the case and all claims for payment of costs filed with the court to date.

3/19/2015

DATE

CLERK

COVCOST

Rev 5/2012

Electronically Filed - St Louis County - April 09, 2015 - 02:41 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
AT CLAYTON

S███████ S███████              )
**By and Through her Next Friends**   )
**Becky Sartory and Mark Satory,**    )
**AND**                               )
**BECKY SARTORY, Individually**       )
**MARK SARTORY, Individually**        )
                                      )
              **Plaintiff,**          )
                                      )
v.                                    )        **Case No:  15SL-CC01034**
                                      )
**SAM'S EAST, INC.**                  )
                                      )
              **Defendant.**          )

## PLAINTIFFS' CERTIFICATE OF SERVICE OF RESPONSES TO DEFENDANT'S OPENING DISCOVERY REQUESTS TO PLAINTIFFS

COME NOW Plaintiffs, by and through their counsel of record and certify that the below listed documents were duly mailed this 9th day of April, 2015, to:  Mr. John P. Rahoy, 800 Market Street, Suite 1100, St. Louis, Missouri, 63101, Attorney for Defendant.

1.    Plaintiff S███████ S█████s Answers to Defendant's First Interrogatories.

2.    Plaintiff Mark Sartory's Answers to Defendant's First Interrogatories.

3.    Plaintiff Becky Sartory's Answers to Defendant's First Interrogatories.

4.    Plaintiff  S███████  S█████s  Responses  to  Defendant's  First  Request  for Production of Documents.

5.    Plaintiff Mark Sartory's Responses to Defendant's First Request for Production of Documents.

6.    Plaintiff Becky Sartory's Responses to Defendant's First Request for Production of Documents.

Electronically Filed - St Louis County - April 09, 2015 - 02:41 PM

TURNER & SWEENY

*/S/ John E. Turner*
John E. Turner - MO - 26218
[turner-sweeny@msn.com]
Christopher P. Sweeny - MO 44838/KS 16868
[csweeny@turnersweeny.com]
Marty W. Seaton - MO 58815/KS 23059
[mseaton@turnersweeny.com]
10401 Holmes Road, Suite 450
Kansas City, MO  64131
(816) 942-5100 - [FAX:  (816) 942-5104]
ATTORNEYS FOR PLAINTIFFS

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
AT CLAYTON

S███████ S███████                    )
By and Through her Next Friends       )
Becky Sartory and Mark Satory,        )
AND                                   )
BECKY SARTORY, Individually           )
MARK SARTORY, Individually            )
                                      )
                 Plaintiff,           )
                                      )
v.                                    )    Case No:  15SL-CC01034
                                      )
SAM'S EAST, INC.                      )
                                      )
                 Defendant.           )

<u>PLAINTIFFS' CERTIFICATE OF SERVICE OF
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT</u>

COME NOW Plaintiffs, by and through their counsel of record and certify that the

original of Plaintiff's Second Request for Production of Documents were duly mailed, and a true

copy of same emailed this 3rd day of April, 2015, to: Mr. John P. Rahoy, jrahoy@bjpc.com, 800

Market Street, Suite 1100, St. Louis, Missouri, 63101, Attorney for Defendant.

TURNER & SWEENY

*/S/ John E. Turner*
John E. Turner - MO - 26218
[turner-sweeny@msn.com]
Christopher P. Sweeny - MO 44838/KS 16868
[csweeny@turnersweeny.com]
Marty W. Seaton - MO 58815/KS 23059
[mseaton@turnersweeny.com]
10401 Holmes Road, Suite 450
Kansas City, MO  64131
(816) 942-5100 - [FAX:  (816) 942-5104]
ATTORNEYS FOR PLAINTIFFS

Electronically Filed - St Louis County - April 14, 2015 - 03:46 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

S███████ S███████                        )
By and Through her Next Friends          )
Becky Sartory and Mark Sartory,          )          Cause No:      15SL-CC01034
        AND                              )
BECKY SARTORY, Individually              )          Division:      1
MARK SARTORY, Individually,              )
                                         )
            Plaintiffs,                  )
                                         )
vs.                                      )
                                         )
SAM'S EAST, INC.,                        )
                                         )
            Defendant.                   )

### NOTICE OF DEPOSITION BY SUBPOENA

| | |
|---|---|
| TO: | Mr. John E. Turner, |
| | Mr. Christopher P. Sweeny |
| | Mr. Marty W. Seaton |
| DATE AND HOUR: | April 29, 2015 at 10:00 a.m. |
| PLACE DEPOSITION TO BE TAKEN: | Willis of Missouri, Inc. |
| | 120 S. Central Ave. |
| | Suite 600 |
| | St. Louis, MO 63105 |
| WITNESS TO BE DEPOSED: | Custodian of Records for Willis of Missouri, Inc. |
| REPORTER: | Midwest Litigation |

PLEASE TAKE NOTICE that at the above date, hour, and place, we shall cause the deposition of the above witness to be taken upon oral examination, pursuant to Rule 57.03 of the Missouri Rules of Civil Procedure, before a shorthand reporter and suitable Notary Public. Any party or their attorney may appear and participate as they see fit.

Electronically Filed - St. Louis County - April 14, 2015 - 03:46 PM

*Edward W. Zeidler II*

John P. Rahoy #41896
Edward W. Zeidler II #56638
BROWN & JAMES, P.C.
Attorneys for Defendant
800 Market Street, Suite 1100
St. Louis, Missouri  63101
(314) 421-3400
(314) 421-3128 (Fax)
jrahoy@bjpc.com
ezeidler@bjpc.com

The undersigned hereby certifies that the above and foregoing pleading was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to: Turner-sweeny@msn.com Mr. John E. Turner, csweey@turnersweeny.com Mr. Christopher P. Sweeny, mseaton@turnersweeny.com Mr. Marty W. Seaton, Turner & Sweeny, Attorneys for Plaintiffs, 10401 Holmes Road, Suite 450, Kansas City, MO 64131, this 14 day of APRIL 20 15. Pursuant to Rule 55.03(a), the undersigned further certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

*Edward W. Zeidler II*

ank
4/14/15
12275655

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

S█████ S███████ )
By and Through her Next Friends )
Becky Sartory and Mark Sartory, )
AND ) Cause No:   1416-CV28068
BECKY SARTORY, Individually ) Division No:   12
MARK SARTORY, Individually, )
)
Plaintiffs, )
)
vs. )
)
SAM'S EAST, INC., )
)
Defendant. )

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant Sam's East, Inc., served its Second Interrogatories and Second Request for Production of Documents directed to Plaintiffs S█████ S███████ by and through her Next Friends Becky Sartory and Mark Sartory, Becky Sartory, Individually and Mark Sartory, Individually, by mailing same, postage prepaid, to: Mr. John E. Turner, Mr. Christopher P. Sweeny, Mr. Marty W. Seaton, Turner & Sweeny, Attorneys for Plaintiffs, 10401 Holmes Road, Suite 450, Kansas City, MO 64131 on this __14__ day of April 2015.  Copies of the above were also forwarded via Word format to: Turner-sweeny@msn.com Mr. John E. Turner, csweey@turnersweeny.com Mr. Christopher P. Sweeny, mseaton@turnersweeny.com.

_Edward W. Zeidler II_
John P. Rahoy  #41896
Edward W. Zeidler II  #56638
BROWN & JAMES, P.C.
Attorneys for Defendant
800 Market Street, Suite 1100
St. Louis, Missouri  63101
(314) 421-3400
(314) 421-3128 (Fax)
jrahoy@bjpc.com
ezeidler@bjpc.com

The undersigned hereby certifies that the above and foregoing pleading was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to: Turner-sweeny@msn.com Mr. John E. Turner, csweey@turnersweeny.com Mr. Christopher P. Sweeny, mseaton@turnersweeny.com Mr. Marty W. Seaton, Turner & Sweeny, Attorneys for Plaintiffs, 10401 Holmes Road, Suite 450, Kansas City, MO 64131, this _14_ day of _APRIL_ 20 15 . Pursuant to Rule 55.03(a), the undersigned further certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

Edward W. Zandt II

ank
4/14/15
12281325

Electronically Filed - St. Louis County - April 14, 2015 - 03:45 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

S          | S,                              )
By and Through her Next Friends             )
Becky Sartory and Mark Sartory,             )
          AND                               )       Cause No:      15SL-CC01034
BECKY SARTORY, Individually                 )
MARK SARTORY, Individually,                 )       Division:      1
                                            )
          Plaintiffs,                       )
                                            )
vs.                                         )
                                            )
SAM'S EAST, INC.,                           )
                                            )
          Defendant.                        )

## DEFENDANT'S CERTIFICATE OF SERVICE

The undersigned certifies that Defendant Sam's East, Inc., served its Responses to Plaintiffs' Second Request for Production of Documents, by mailing same, postage prepaid, to: Mr. John E. Turner, Mr. Christopher P. Sweeny, Mr. Marty W. Seaton, Turner & Sweeny, Attorneys for Plaintiffs, 10401 Holmes Road, Suite 450, Kansas City, MO, 64131on this  16   day of April 2015.


_Edward W. Zeidler II_
John P. Rahoy  #41896
Edward W. Zeidler II  #56638
BROWN & JAMES, P.C.
Attorneys for Defendant
800 Market Street, Suite 1100
St. Louis, Missouri  63101
(314) 421-3400
(314) 421-3128 (Fax)
jrahoy@bjpc.com
ezeidler@bjpc.com

The undersigned hereby certifies that the above and foregoing pleading was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to: Turner-sweeny@msn.com Mr. John E. Turner, csweey@turnersweeny.com Mr. Christopher P. Sweeny, mseaton@turnersweeny.com Mr. Marty W. Seaton, Turner & Sweeny, Attorneys for Plaintiffs, 10401 Holmes Road, Suite 450, Kansas City, MO 64131, this _16_ day of _APRIL_ 20_15_. Pursuant to Rule 55.03(a), the undersigned further certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

Edward W. Zaidle II

ank
4/16/15
12285735